# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAL CORPORATION, | )<br>) |
| Plaintiff/Counterclaim Defendant, | )<br>) |
| v. | )<br>) |
| JOHNSTOWN AMERICA CORPORATION, | ) CIVIL ACTION NO. 3:08-232<br>) JUDGE KIM R. GIBSON |
| Defendant/Counterclaimant, | )<br>) |
| v. | )<br>) |
| KEITH DUNBAR *and* CHRISTOPHER CHEN, | )<br>) |
| Counterclaim Defendants. | ) |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on the Motions to Dismiss Counterclaim (Doc. Nos. 81; 83; 85) filed by Counterclaim Defendants Bral Corporation ("Bral"), Christopher Chen ("Chen"), and Keith Dunbar ("Dunbar"). Counterclaimant Johnstown America Corporation ("JAC") opposes these motions. (Doc. Nos. 87; 88; 89). For the reasons that follow, the Court will **DENY** the motions filed by Chen and Dunbar, and **GRANT in part** and **DENY in part** Bral's motion.

### II. JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Venue is proper under 28 U.S.C. § 1391(a)(2).

1

## III. BACKGROUND[1]

This case arises from a contractual dispute between Bral, an importer of metal products utilized in the railroad industry, and JAC, a manufacturer of coal-carrying railroad cars.

On September 29, 2008, Bral commenced the instant action by filing a Complaint against JAC: (1) contending that JAC breached an exclusive supply agreement by purchasing casting parts for its railroad cars from a competitor of Bral; and (2) seeking damages for both breach of contract and promissory fraud. (See Doc. No. 1). JAC filed a motion to transfer the case to the Northern District of Illinois (Doc. No. 4), which the Court denied by Memorandum Order on July 8, 2009. (Doc. No. 18). JAC subsequently filed a motion to dismiss Bral's promissory fraud claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Court granted this motion on March 24, 2010. (Doc. No. 40).

On April 7, 2010, JAC filed its Answer with Counterclaim against Bral, Dunbar, and Chen (collectively, "Counterclaim Defendants"), alleging that they participated in an elaborate scheme to deceive JAC, fraudulently overcharge it for casting parts, and interfere with its business relationship with one of Bral's competitors. (See Doc. No. 42). Counterclaim Defendants moved to dismiss the Counterclaim, (Doc. Nos. 48; 55; 58), but these motions were mooted when JAC filed an Amended Answer with Counterclaim. (Doc. No. 72; see also Doc. No. 80). Subsequently, Counterclaim Defendants filed the instant motions to dismiss all counts of the Counterclaim asserted in the Amended Answer.

In the Counterclaim presently at issue, JAC asserts five counts: (1) breach of contract

---

[1] The Court discussed the facts underlying this action at length in its Memorandum Order dated March 24, 2010 (Doc. No. 40), familiarity with which is presumed.

against Bral; (2) tortious interference with existing and prospective business and contractual relationships against Counterclaim Defendants; (3) fraud against Counterclaim Defendants; (4) fraud against Bral and Dunbar; and (5) unjust enrichment against Dunbar and Chen. (See Doc. No. 72 at 24-32). Counterclaim Defendants moved to dismiss all five counts pursuant to FED. R. CIV. P. 12(b)(2) and (6). The motions have been fully briefed and are now ripe for disposition.

## IV. STANDARDS OF REVIEW

### A. FRCP 12(b)(2)

In his motion filed pursuant to FED. R. CIV. P. 12(b)(2), Chen contends that he should be dismissed from this action because the Court lacks personal jurisdiction over him. Once a Rule 12(b)(2) motion is made, the non-moving party bears the burden of demonstrating the facts that establish personal jurisdiction. See *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368)); *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223) (3d Cir. 1992)). If the district court does not hold an evidentiary hearing, the non-moving party "need only establish a prima facie case of personal jurisdiction." See *Metcalfe*, 556 F.3d at 330 (quoting *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)). Courts must accept the non-moving party's allegations as true and construe disputed facts in his or her favor, see *O'Connor*, 496 F.3d at 316; *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003), but the non-moving party must ultimately "prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe*, 556 F.3d at 330 (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)); see also *Sprague Energy Corp. v. Union Drawn Steel, II, LTD*, Civ. A. No. 07-962, 2008 U.S. Dist. LEXIS 20335,

3

*7 (W.D. Pa. 2008) ("[B]ecause a 12(b)(2) motion requires resolution of factual issues outside the pleadings, the plaintiff may not rely on the pleadings alone to carry its burden of establishing the jurisdictional facts.") (citations omitted).

### B.  FRCP 12(b)(6)

In their motions, Counterclaim Defendants contend that JAC's Counterclaim fails to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be balanced with the requirements of Rule 8, which governs general pleading matters and provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8.

While the recent decisions of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), represent a significant change in federal pleading standards, the United States Court of Appeals for the Third Circuit has provided clear guidance to the district courts. To wit:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." 129 S. Ct. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). In short, a district court

4

reviewing a motion to dismiss for failure to state a claim must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "legal conclusions" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice" as bona fide factual material. *Iqbal*, 129 S. Ct. at 1949.[2]

## V. DISCUSSION

Counterclaim Defendants raise several arguments in support of their motions to dismiss. In particular, they contend that: (1) the Court lacks personal jurisdiction over Chen; (2) the Counterclaim is time-barred; and (3) Counts I, II, III and V of the Counterclaim fail to state a claim upon which relief can be granted. The Court will address these contentions in turn.

### A. Personal Jurisdiction

In his motion, Chen, a Canadian resident, asserts that this Court cannot exercise personal jurisdiction over him because he has had "no meaningful contacts with Pennsylvania." (Doc. No. 84 at 6). JAC disagrees. (See Doc. No. 88 at 6-10). As the Third Circuit has explained, "[p]ursuant to Federal Rule of Civil Procedure 4(k), a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (quotation marks omitted); *Metcalfe*, 566 F.3d at 330. Pennsylvania's long-arm statute, 42 PA. CONS. STAT. ANN.

---

[2] While the bulk of discussion of *Twombly* and *Iqbal* in this Circuit has been couched in terms of the sufficiency of complaints, the Third Circuit has applied the same standard when evaluating the sufficiency of counterclaims. See *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822 (3d Cir. 2011) (vacating the trial court's dismissal of three counterclaims).

5

§ 5322(b), provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." *O'Connor*, 496 F.3d at 316; *Marten*, 499 F.3d at 296. Accordingly, in determining whether personal jurisdiction exists, this Court must ask "whether, under the Due Process Clause, the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor* at 316 (alterations in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

These due process principles are reflected in the two types of personal jurisdiction: general and specific. *Marten* at 296. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state[,]" and "[s]pecific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Id.* (citing *Helicopteros Nacionales de Columbia, S.A. v Hall*, 466 U.S. 408 (1984)). Instantly, Chen contends that JAC cannot meet its burden to establish either type of personal jurisdiction. (See Doc. No. 84 at 7-8). As discussed below, the Court concludes that JAC has met its burden to establish specific jurisdiction and, therefore, will not discuss general jurisdiction.

Traditionally, "[s]pecific jurisdiction over a defendant exists when that defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). However, the analysis differs slightly when the Court's jurisdiction over intentional tort claims is challenged. As this Court recently explained:

> With respect to specific jurisdiction over claims of intentional torts, the United States Court of Appeals for the Third Circuit has suggested that district courts should apply the "effects test," as established by the United States Supreme Court in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). *Shafik*, 2010 U.S. Dist. LEXIS 60103, at *18 (citing *Manfredy*, 238 F.3d at 258; *Marten*, 499 F.3d at 297; *Miller Yacht Sales*, 384 F.3d at 99). Under the effects test, the plaintiff must show that: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. *IMO Indus.*, 155 F.3d at 265-66. If a plaintiff satisfies these three elements, the plaintiff can "demonstrate a court's jurisdiction over a defendant even where the defendant's 'contacts with the forum alone are far too small to comport with the requirements of due process under the [Court of Appeals'] traditional analysis." *Marten*, 499 F.3d at 297 (quoting *IMO Indus.*, 155 F.3d at 259).

*Rychel v. Yates*, Civ. A. No. 09-1514, 2011 U.S. Dist. LEXIS 38824, *43-44 (W.D. Pa. 2011). The Court in *Rychel* then proceeded to examine the breach of contract claim under the traditional approach and the intentional tort claim (fraudulent inducement) using the "effects test." *Id.* at *40-55.

Presently, Chen contends that JAC cannot satisfy its burden and establish specific jurisdiction over him with respect to the three counts in the Counterclaim against him: tortious interference with existing and prospective business and contractual relationships, fraud, and unjust enrichment. The Court will consider these three claims simultaneously under the "effects test" because they seek recovery for the same allegedly "fraudulent, deceitful, and threatening conduct" by Chen. (See Doc. No. 72 at ¶¶ 154, 162, 193).

### 1. Intentional Tort

To survive the motion to dismiss, JAC must first demonstrate that Chen committed an intentional tort. This Court previously concluded that a claim that defendants made "fraudulent statements . . . to induce Plaintiff to enter a contract" was "intentionally tortious activity[.]"

7

*Rychel v. Yates*, 2011 U.S. Dist. LEXIS 38824 at *40-43. JAC has alleged the same intentionally tortious conduct in this case, that Chen fraudulently induced it to enter a contract, the exclusive supply agreement. (See Doc. No. 72 at ¶ 154). Moreover, JAC supported these allegations with portions of the transcript of Chen's deposition evincing Chen's involvement in the "scheme." (See Doc. No. 88 at 11 n.8). Thus, JAC has met its burden regarding this first element.

### 2. Brunt of Harm

Next, JAC must show that it felt the brunt of the harm from Chen's tortious conduct in Pennsylvania such that Pennsylvania can be said to be the focal point of the harm. JAC, located and operating in Johnstown, Pennsylvania, has also satisfied this element. The harm which JAC contends Chen's tortious conduct engendered—fraudulently increased supply costs and interference with contractual relations with other suppliers—was felt by JAC where it conducted business, Pennsylvania.

### 3. Expressly Aimed

Finally, JAC must demonstrate that Chen expressly aimed his tortious conduct at Pennsylvania such that Pennsylvania can be said to be the focal point of the harm. This element is also satisfied because JAC contends that Chen purposefully: (1) interfered with JAC's business conducted in Pennsylvania; and (2) continued to profit from the sale of overpriced casting parts to JAC in Pennsylvania.

JAC has the burden of establishing a *prima facie* case for specific personal jurisdiction, see *Metcalfe*, 556 F.3d at 330, and JAC has met this burden. Therefore, the Court will **DENY** Chen's motion to dismiss for lack of personal jurisdiction.

### B. Statute of Limitations

Counterclaim Defendants next assert that each count of the Counterclaim should be dismissed based on the applicable statutes of limitations. (See Doc. No. 81 at 1-2; Doc. No. 85. at 1; Doc. No. 84 at 13-16, 19-20). JAC contends that the counts are timely because of the "discovery rule, the inherent fraud doctrine, and the fraudulent concealment doctrine." (Doc. No. 87 at 14). In short, JAC argues that: (1) the statute of limitations for each count was tolled during the time period Counterclaim Defendants "purposefully hid [their] contractual breach and [their] scheme to deceive [JAC]"; and (2) the clock did not begin to run until JAC had a reasonable opportunity to discover Counterclaim Defendants' scheme, when discovery commenced in the instant action. (See id. at 17). Alternatively, JAC claims that at the motion to dismiss stage, it is inappropriate for the Court to resolve the disputed issue of fact of when JAC had a reasonable opportunity to discover it had been harmed. (See id. at 18).

Courts may grant motions to dismiss premised on statute of limitations grounds only if the bar is apparent on the face of the pleading. See *Cranberry Promenade, Inc. v. Cranberry Twp.*, Civ. A. No. 09-1242, 2010 U.S. Dist. LEXIS 15077, *5 (W.D. Pa. 2010) (citing *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002) ("If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).")). Courts, however, are reluctant to grant motions to dismiss on this basis where the discovery rule applies and it is not readily apparent when a party had a reasonable opportunity to discover that a wrong had been committed against him or her. See e.g., *DIRECTV, Inc. v. Rodkey*, 369 F. Supp. 2d 587, 600 (W.D. Pa. 2005) ("[W]hen the Plaintiff first had a reasonable opportunity to discover the Defendant's violation of 18 U.S.C. §§ 2511(a), (c), and (d), presents

9

a genuine issue of material fact which cannot be determined by the Court on the Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment."); *Benyamini v. St. Clair Real Estate Dev. Co., LLC*, Civ. A. No. 09-375, 2010 U.S. Dist. LEXIS 25950, *12 (M.D. Pa. 2010) ("Plaintiff argues that at this point, without discovery, it is too early to determine the factually sensitive issue of the discovery rule. We agree. The parties will be able to more fully develop this issue through discovery, and the court will be able to address it at the summary judgment stage, if the defendants choose to raise it again at that time.").

At this time, it is not clear to the Court from the face of JAC's Counterclaim, given JAC's allegations that it could not have reasonably discovered Counterclaim Defendants' "scheme" sooner because it was "purposefully hid[den]," that JAC's claims are time-barred. Accordingly, the Court will **DENY** Counterclaim Defendants' motions to dismiss based on statutes of limitations without prejudice to Counterclaim Defendants raising this defense again once the factual disputes are resolved. See *Cranberry Promenade, Inc.*, 2010 U.S. Dist. LEXIS 15077 at *7-8 (denying defendants' motion to dismiss on statute of limitation grounds without prejudice).

### C. Failure to State a Claim

Counterclaim Defendants also argue that Counts I, II, III, and V of the Counterclaim should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim. The Court will consider the sufficiency of each count *seriatim*.

#### 1. Breach of Contract – Bral

Bral contends that Count I of the Counterclaim should be dismissed because it fails to state a claim for breach of contract under Pennsylvania law, (see Doc. No. 82 at 6), while JAC

asserts that its claim is legally sufficient, (see Doc. No. 87 at 7-8). "To state a claim for breach of contract under Pennsylvania law, a [claimant] must establish: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *Quint v. Thar Process, Inc.*, Civ. A. No. 11-116, 2011 U.S. Dist. LEXIS 104426, *13 (W.D. Pa. 2011) (quotation marks omitted) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)).

Instantly, Count I must be dismissed because JAC has simply alleged that it is entitled to relief, it has not shown such an entitlement with supporting facts. See *Fowler*, 578 F.3d at 211. JAC merely alleges that: (1) Paragraph 6 of the supply agreement incorporated three false representations[3] into the contract; (2) "Bral breached the representations in Paragraph 6"; (3) the breach was material and entitled JAC to recession of the contract and damages; and (4) the breach caused JAC damages in excess of $75,000. (See Doc. No. 72 ¶¶ 139-46). Such threadbare legal conclusions, absent supporting facts demonstrating how Bral breached the representations, are insufficient to survive a motion to dismiss. See *Iqbal*, 129 S. Ct. at 1949. Therefore, the Court will **GRANT** Bral's motion to dismiss as to Count I of the Counterclaim.

### 2. Tortious Interference – Counterclaim Defendants

Next, Counterclaim Defendants argue that Count II fails to state a claim for tortious interference with contractual relations under Pennsylvania law. (See Doc. No. 82 at 13). JAC

---

[3] JAC claims that the following false representations were incorporated into the contract: (1) "Bral's representations to [JAC] beginning in October 2003 regarding the prices Bral was charging for the . . . casting parts"; (2) "Bral's representations to [JAC] that Bral had negotiated a reduction in price from [its supplier] in exchange for [JAC]'s agreement to be bound by the Supply Agreement"; and (3) Bral's representation that "the prices in the Supply Agreement constituted a bargained-for exchange in which Bral could only agree to the prices set forth in the Supply Agreement in exchange for [JAC]'s agreement to be bound by the terms of the Supply Agreement." (Doc. No. 72 at ¶¶ 141-43).

11

once again disagrees. (See Doc. No. 87 at 12-13). "Pennsylvania law requires a plaintiff to prove the following elements in order to state a claim of tortious interference with contractual relations: '(1) the existence of a contractual relationship; (2) an intent on the part of the defendant to harm plaintiff by interfering with that contractual relationship; (3) the absence of a privilege or justification for such interference; and (4) damages resulting from the defendant's conduct.'" *Shanefelter v. United States Steel Corp.*, 784 F. Supp. 2d 550, 562 (W.D. Pa. 2011) (quoting *Triffin v. Janssen*, 626 A.2d 571, 574 (Pa. Super. 1993)).

Here, JAC has pled sufficient facts to establish each of these elements. JAC's Counterclaim alleges that it entered into a contractual relationship with a competitor of Bral by submitting a purchase order in response to the competitor's price proposal. (See Doc. No. 72 at ¶¶ 32, 71). Further, the Counterclaim details Bral's unprivileged and intentional "two-step scheme" to discredit its competitor in an effort to force JAC to cancel the purchase order and enter into a dramatically more expensive long-term supply agreement with Bral. (See *id.* at 15-24). Accordingly, the Court will **DENY** Counterclaim Defendants' motions to dismiss Count II.

### 3. Fraud – Counterclaim Defendants

Counterclaim Defendants contend that Count III of the Counterclaim should be dismissed for numerous reasons. First, Bral argues that by failing to identify specific representations that were fraudulent, JAC failed to appropriately plead with particularity the circumstances constituting fraud under FRCP 9(b). (See Doc. No. 82 at 17).[4] As this Court recently explained,

---

[4] In order to prove fraud in Pennsylvania, a claimant must prove six elements: (1) a misrepresentation; (2) material to the transaction; (3) made falsely; (4) with the intent of misleading another to rely on it; (5) justifiable reliance resulted; and (6) injury was proximately caused by the reliance. *Laufen Int'l, Inc. v. Larry J. Lint Floor & Wall Covering, Co.*, Civ. A. No. 10-199, 2010 U.S. Dist. LEXIS 41173, *7-8 (W.D. Pa. 2010) (citing *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123, 136 (3d Cir. 2005)).

> "Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges. . . ." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984). While "allegations of 'date, place or time' fulfill these functions, . . . nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.* In the alternative, a plaintiff may satisfy the stringent pleading restrictions of Rule 9(b) by pleading with a degree of precision or some measure of substantiation into the fraud allegation. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). The Court of Appeals for the Third Circuit has further recognized that Rule 9(b) may be relaxed when the relevant "factual information is peculiarly within the defendant's knowledge or control." *See EP Medsystems, Inc. v. EchoCath, Inc.*, 235 F.3d 865, 882 (3d Cir.2000) (citation to quoted source omitted).

*Laufen Int'l, Inc. v. Larry J. Lint Floor & Wall Covering, Co.*, Civ. A. No. 10-199, 2010 U.S. Dist. LEXIS 41173, *9-11 (W.D. Pa. 2010).

In the case *sub judice*, JAC has satisfied the particularity requirement of Rule 9(b) by detailing the time, date, and place that Counterclaim Defendants made specific fraudulent misrepresentations to JAC. (See e.g., Doc. No. 72 ¶¶ 44-59, 62-69, 80-81, 83-87, 102-18, 121-26, 132-38). Thus, the Court will not dismiss Count III for this reason.

Bral next argues that Count III is a fraud-in-the-inducement claim which is barred by the parol evidence rule, and that JAC should be judicially estopped from maintaining a contrary position because JAC originally argued that Bral's promissory fraud claim was barred by the parol evidence rule. (See Doc. No. 82 at 18-20).[5] Under Pennsylvania contract law, "fraud-in-the-inducement claims are commonly barred if the contract at issue is fully integrated . . . [because] a party cannot justifiably rely upon prior oral representations and then sign a contract

---

[5] The Court did not address JAC's parol evidence argument because it dismissed Bral's promissory fraud claim pursuant to FRCP 12(b)(6) under the "gist of the action" doctrine. (See Doc. No. 40 at 3-8).

13

containing terms that refute the alleged prior oral representations." *Hart v. Arnold*, 884 A.2d 316, 340 (Pa. Super. Ct. 2005) (citations and quotation marks omitted). JAC's Counterclaim, however, does not simply allege that Counterclaim Defendants made intentional misrepresentations to induce it to enter into a contract; rather, Count III details Counterclaim Defendants' ongoing and continuous "scheme" to defraud JAC and interfere with JAC's business relationship with Bral's competitor. Therefore, these broad allegations do not fall within the limited purview of the parol evidence rule, and the Court will not dismiss Count III on these grounds.[6]

In a final challenge to the sufficiency of Count III, Chen argues that JAC has failed to state a claim for fraud against him because JAC "fails to identify any specific representations *by Chen* upon which [JAC] allegedly relied[.]" (Doc. No. 84 at 17) (emphasis added). Chen then immediately notes JAC's allegation that Chen and Dunbar drafted a letter misrepresenting the position of Bral's Chinese supplier in an effort to discourage JAC from contracting with a competitor of Bral. (See *id.* at 18). While Chen may contest the veracity of these allegations, it does not alter the fact that JAC has sufficiently pleaded a fraud claim against him.

The Court will **DENY** Counterclaim Defendants' motions to dismiss Count III because the count complies with the particularity requirement of FRCP 9(b), is not barred by the parol

---

[6] The Court will not invoke the doctrine of judicial estoppel because JAC has not taken irreconcilably inconsistent positions in this litigation. See *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 238-39 (3d Cir. 2011) ("The basic principle of judicial estoppel . . . is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory. Though there is no rigid test for judicial estoppel, three factors inform a federal court's decision whether to apply it: there must be (1) irreconcilably inconsistent positions; (2) adopted . . . in bad faith; and (3) a showing that . . . estoppel . . . address[es] the harm and . . . no lesser sanction [is] sufficient.") (citations and quotation marks omitted). JAC originally argued that Bral could not introduce evidence of one prior oral misrepresentation when a fully integrated contract expressly stated that the writing represented the entirety of the parties' agreement. (See Doc. No. 20 at 7-8). In its current brief, JAC contends that a continuous and ongoing scheme was not even covered by the integration clause of the contract. (See Doc. No. 87 at 11).

evidence rule, and states a claim for relief against each Counterclaim Defendant.

### 4. Unjust Enrichment – Dunbar and Chen

Dunbar and Chen also move to dismiss Count V claiming that JAC has failed to state a claim for unjust enrichment. (See Doc. No. 86 at 12-15; Doc. No. 84 at 20-22). "In order to assert a claim of unjust enrichment, a plaintiff must show (1) he or she has conferred a benefit on the defendant, (2) the defendant has appropriated the benefits, and (3) that the defendant has accepted and retained these benefits under such circumstances as to make it unjust." *Loften v. Diolosa*, Civ. A. No. 05-1193, 2008 U.S. Dist. LEXIS 60919, *36-37 (M.D. Pa. 2008) (citing *Allegheny Gen. Hosp. v. Phillip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir. 2000); *Temple Univ. Hosp. Inc., v. Healthcare Mgmt. Alternatives, Inc.*, 832 A.2d 501, 507 (Pa. Super. Ct. 2003)). Here, the unjust enrichment claim asserted by JAC satisfies these three elements because JAC alleges that it made cash payments to Bral, which were retained by Dunbar and Chen under fraudulent, and therefore unjust, circumstances.

Dunbar and Chen also argue that Count V should be dismissed because: (1) the unjust enrichment claim is barred by the existence of a valid contract (the supply agreement between JAC and Bral); and (2) JAC did not directly confer benefits on Dunbar and Chen, the benefits "flow[ed]" through a third party. (See Doc. No. 86 at 14-15). Their first argument fails because "an unjust enrichment claim can exist in the face of a written contract" if, as here, "the contract was procured by fraud." *Loften*, 2008 U.S. Dist. LEXIS 60919 at *36-37 (citing *Abdulaziz v. City of Philadelphia*, Civ. A. No. 00-5672, 2001 U.S. Dist. LEXIS 10156 (E.D. 2001)). Their second argument fails because a claim for unjust enrichment "simply requires that plaintiff 'confer' benefits on a defendant; it does not require that the plaintiff 'directly confer' those benefits."

15

*Baker v. Family Credit Counseling Corp.*, 440 F. Supp. 2d 392, 420 (E.D. Pa. 2006) (collecting cases). Therefore, the Court will **DENY** Dunbar and Chen's motions to dismiss with regard to Count V.

## VI. CONCLUSION

For the stated reasons, JAC has failed to state a breach of contract claim against Bral, but has successfully stated claims of tortious interference and fraud against Counterclaim Defendants, and fraud and unjust enrichment against Dunbar and Chen. Accordingly, the Court will **DENY** Dunbar and Chen's motions (Doc. Nos. 83; 85) and **GRANT in part** and **DENY in part** Bral's motion (Doc. No. 81). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAL CORPORATION,<br><br>  Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>JOHNSTOWN AMERICA CORPORATION,<br><br>  Defendant/Counterclaimant,<br><br>v.<br><br>KEITH DUNBAR *and* CHRISTOPHER CHEN,<br><br>  Counterclaim Defendants. | CIVIL ACTION NO. 3:08-232<br>JUDGE KIM R. GIBSON |

## ORDER

**AND NOW**, this 7th day of December, 2011, this matter coming before the Court on the Motions to Dismiss Counterclaim (Doc. Nos. 81; 83; 85) filed by Counterclaim Defendants Bral Corporation ("Bral"), Christopher Chen ("Chen"), and Keith Dunbar ("Dunbar") pursuant to FED. R. CIV. P. 12(b)(2) and (6), and Johnstown America Corporation's ("JAC") opposition to the motions (Doc. Nos. 87; 88; 89), **IT IS HEREBY ORDERED** that the motions filed by Chen and Dunbar (Doc. Nos. 83 and 85) are **DENIED**, and Bral's motion (Doc. No. 81) is **GRANTED in part** and **DENIED in part**. Specifically, **Count I** of JAC's Counterclaim is **DISMISSED with prejudice**.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**